**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN THE MATTER OF:<br><br>BORA BORA INC., aka PUERTO ESCONDIDO; aka BORA BORA; aka DROP OUT; aka THE METHOD,<br><br>  Debtor. | CASE NO. 09-03693 (ESL)<br><br>CHAPTER 11 |

**OBJECTIONS TO THE DISCLOSURE STATEMENT**

TO THE HONORABLE COURT:

    Comes now the Unsecured Creditors Committee (hereinafter the "Committee"), through the undersigned attorneys and respectfully states and prays:

**I.  Background**

    1.  On November 3, 2009, Debtor, Bora Bora, Inc. aka Puerto Escondido; aka Bora Bora; aka Drop Out; aka The Method (hereinafter "Debtor" and/or "Bora Bora") filed <u>Debtor's Disclosure Statement and Summary of Proposed Plan of Reorganization</u> (hereinafter the "Disclosure Statement").

    2.  In the same date, Debtor filed a Notice informing that unless an objection is filed on or before twenty five (25) days, an Order may be entered approving the Disclosure Statement

without further notice and hearings. Therefore the deadline for the filing of objections is **November 28, 2009**.[1]

3. As discussed below, the Committee objects the Disclosure Statement on the following grounds: (a) Debtor's failure to provide "adequate information" pursuant to Section 1125(a) of the Bankruptcy Code, 11 U.S.C. §1125(a); (b) discrimination among creditors of the same class in contravention of Section 1123(4) of the Bankruptcy Code, 11 U.S.C. §1123(4); and the (c) the discharge of a non-individual Debtor, such as Bora Bora.

## II. Objection to the Disclosure Statements and Reorganization Plan

a. The Disclosure Statements does not provide "adequate information" pursuant to Section 1125(a) of the Bankruptcy Code

Section 1125(a) of the Bankruptcy Code provides the following:

(a) In this section-

(1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate

---

[1] November 28, 2009 was Saturday. Pursuant to Rule 9006(a) of the Rules of Bankruptcy Proceeding if the day in which the paper should be filed in court is a Saturday, Sunday or legal holiday, "the period runs until the end of the next day which is not one of the aforementioned days.

information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information; and

(2) "investor typical of holders of claims or interests of the relevant class" means investor having--

(A) a claim or interest of the relevant class;

(B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and

(C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

Adequate disclosure requirements contemplate not only sufficient information about the plan but also that the plan, which is being described, has sufficient depth so that the disclosure statement provides a "hypothetical investor" with the kind of information necessary to evaluate risk of acceptance of the plan. In re New Haven Radio, Inc., 18 BR 977 (BC DC Conn., 1982).

The purpose of disclosure statement is to provide sufficient and adequate information to enable a reasonable and typical investor to make an informed judgment about the Chapter 11 plan. While debtor cannot be expected to unerringly predict the future, the information provided should be comprised of all those factors presently known to debtor that bear upon the success or failure of the proposals contained in plan;

conclusory allegations or opinions without supporting facts are generally not acceptable. In re Ligon, 50 BR 127 (BC MD Tenn., 1985).

For the reasons discussed below, the Disclosure Statement does not provide adequate information for the Unsecured Creditor's Committee to make an informed judgment as to whether to vote in favor or against the proposed Reorganization Plan, pursuant to Section 1125(a) of the Bankruptcy Code; or to request the conversion of the case to one under Chapter 7.

 (i) <u>Complete information has not been disclosed regarding Debtor's account receivables</u>

In the Liquidation Analysis (Exhibit III of the Disclosure Statement), Debtor has not provided complete, relevant and pertinent information regarding the account receivables.

Specifically, Debtor is disclosing an "account receivable, related parties, net" at the very considerable amount of $570,711.00. However, the liquidation value of such asset is $60,976 (11% of the estimated value) because $425,000.00 is "considered uncollectible due to insolvency of parties and pending divorce litigation".[2] It must be noted that the persons that owes the referenced money to Debtor are one of its stockholders, Mr. Alex Juelle, and his ex-wife.

---

[2] See Note Num. 2 of the Liquidation Analysis.

In a recent meeting, Ms. Doris Barroso, the CPA appointed for the benefit of the estate and the person that prepared the Liquidation Analysis, explained that the averment that the debt in dispute was uncollectable was based **only** on information given by Debtor and it was not her personal-professional conclusion. Therefore, Debtor argues that the account receivable in controversy is "uncollectable" but provides no evidence to support such conclusion.

Debtor should provide complete information as to why the amount of $425,000.00 is uncollectible, particularly when the person that owes the money is one of its stockholders. In addition, further explanation and disclosure is needed as to why Debtor (who is not an individual entity) has a receivable that is related to a divorce proceeding of a relative of Mr. Oscar Juelle, Debtor's Principal.[3] Also Debtor needs to disclose the reasons for which it has not sought to pursue that substantial claim while getting to pursue others. The absence of such explanations and disclosure is troubling.

Moreover, the failure to provide such information affects the Liquidation Analysis, because it has the effect to reduce

---

[3] In a recent meeting, Ms. Doris Barroso explained that the nature of the debt was "advances or payments" that Debtor paid to Mr. Alex Juelle. However, no formal amendment to the Disclosure Statement has been filed in order to reflect the referenced information.

Debtor's net assets and the distribution among the unsecured creditors in the event of liquidation.

After the filing of the Disclosure Statement and as consequence of a meeting held with the appearing counsels, Debtor informed that it will be pursuing the referenced debt against one its shareholders **only if they are able to identify a counsel that litigates the action on a contingency fee basis**. However, no amendment has been made to the Disclosure Statement to reflect this.

Therefore, Debtor's failure to disclose all the pertinent information regarding this debt of $425,000.00 of one of its stockholders, does not constitute adequate information that will allow a "hypothetical investor" to make an informed judgment as to whether vote in favor or against the proposed Reorganization Plan, pursuant to Section 1125(a) of the Bankruptcy Code.

The creditors need information on the nature of property of the estate. In re Fierman, 21 BR 314 (BC ED Pa., 1982).

Mere allegations or opinions unsupported by factual information in the disclosure statement such as the scant of information disclosed as to this substantial assets, does not meet the standard that statement contain adequate information as

required by Section 1125(a)(1) of the Bankruptcy Code. <u>In re Civitella</u>, 15 BR 206, (BC ED Pa., 1981).

Therefore, the Disclosure Statement should not be approved for failing to provide adequate information related to the debt of $425,000.00 in favor of one of Debtor's stockholder, including the reasons for which the debt is allegedly "uncollectable."

        (ii) <u>Complete value of Debtor's assets has not been disclosed</u>.

In the Liquidation Analysis Debtor is not including the value of all its assets. Particularly, Debtor is not including as an "asset" the adversary proceeding filed against Quiksilver that is pending before this Honorable Court. In addition, Debtor has not quantified and/or estimated the amount of money that it expects to recover from Quiksilver, as result of the referenced action.

However, failure to provide such information affects the Liquidation Analysis, because it has the effect of reducing Debtor's net assets and the distribution among the unsecured creditors in the event of liquidation.

In addition, a pending litigation in favor of Debtor constitute by definition an asset and is property of the estate, pursuant to Section 541 of the Bankruptcy Code, 11 U.S.C. §541.

Furthermore, an estimate and/or projection of the amount of money that the estate will receive from the Quiksilver litigation is necessary considering that the estate is expending a considerable amount of money in this adversary proceeding, and creditors need to evaluate whether to continue spending estate resources in pursuing said claim is justifiable.

Knowledge of debtor's financial condition is essential before any informed decision concerning merits of Chapter 11 plan can be made; therefore description of available assets and their value is vital element of the required disclosure. <u>In re Ligon</u>, 50 BR 127 (BC MD Tenn., 1985).

We consider that any pending litigation, arbitration or similar process, in which Debtor expects to recover any amount of money, should be taken into account as part of Debtor's assets and should be estimated and/or quantified for purposes of the liquidation analysis and in order to allow the creditors and the estate to evaluate continuing spending estate resources in pursuing said claim.

      (iii) <u>Averments pertaining to economic conclusions do not provide adequate information.</u>

There are some averments related to financial information to which Debtor has not provided adequate information pursuant to Section 1125(a) of the Bankruptcy Code.

For example, Debtor argues that there has been certain transactions that were entered into duress with some suppliers, including Quiksilver (**See, section 1.5 of the Disclosure Statement**). However, the Disclosure Statements failed to identify such transactions. It only constitutes an averment without any supporting documentation that provides adequate information to the creditors.

In addition, the Disclosure Statement states nothing as to whether the $400,000.00 related to the post-petition financing will be enough for Debtor's reorganization. The Disclosure Statements only inform that such amount of money was granted as a post-petition financing secured by a lien in the same amount of Debtor's inventory and trademarks (**See, section 2.3 of the Disclosure Statement**). The information as to whether the $400,000.00 obtained in post-petition financing will be enough to fund Debtor's reorganization is vital in order to determine if the reorganization is possible or if conversion to Chapter 7 should be sought.

Moreover, Debtor still has not provided information as to whether it will be able to assume the Lease Agreement with Plaza Las Americas. Specifically, pursuant to the motion filed by Debtor on November 25, 2009, the negotiations regarding the assumption of the Lease Agreement between Debtor and Plaza Las

Americas continue and Debtor requested until **December 15, 2009**, to "order to make a final determination on the action to follow regarding the Plaza lease".

Therefore, the Disclosure Statement does not provide information as to whether Debtor will be able to assume the Plaza Las Americas Lease and continue operating the store that it has at this time. This lack of information as to whether Debtor will assume the Lease Agreement with Plaza Las Americas does not constitute adequate information pursuant to Section 1125(a) of the Bankruptcy Code.

Notwithstanding the above, all the projections related to Debtor's operations included in the Disclosure Statements **(Exhibits 3-A, 3-B and 3C)** are based under the premise that Debtor will continue the operation of its three (3) stores, including the store of Plaza Las Américas. Therefore, if Debtor decides to reject the Plaza Las America's Lease, all the projections included in the Disclosure Statement will become inaccurate. Also, the projections will be affected if the final terms related to the Lease Agreement with Plaza Las Americas are different from the one used in the projections.

Therefore, the Disclosure Statement should not be approved until Debtor makes a final determination as to whether the Lease Agreement with Plaza Las Américas will be assumed.

    **b.    The Reorganization Plan is discriminatory pursuant to Section 1123(4) of the Bankruptcy Code**

Section 1123(4) of the Bankruptcy Code, 11 U.S.C. $1123, provides the following:

> (4) **Provide the same treatment for each claim or interest of a particular class**, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest. (Emphasis added).

Debtor may not unfairly discriminate against member of unsecured class pursuant to Section 1123(a)(4) of the Bankruptcy Code. In re Granada Wines, Inc., 26 BR 131, (BC DC Mass., 1983) affd 748 F2d 42, (1st. 1984). Equality of treatment provision of Section 1123(a)(4) of the Bankruptcy Code only applies as to claims placed in same class; thus, similar claims, classified differently, may validly receive different treatment under Chapter 11 plan. In re Monroe Well Service, Inc., 80 BR 324 (BC ED Pa., 1987).

In Summary of the Proposed Plan, Debtor pretends to discriminates among the creditors members of the same class. Specifically, the Reorganization Plan provides for the member of the Class 8 (General Unsecured Creditors) the following treatment:

> In the event the Debtor prevails in its claims against Quicksilver [sic] and receive proceeds from Quiksilver, it shall distribute the proceeds to the creditors in this class, after payment in full to the senior classes 1, 6 and 7. In the event the Debtor

> prevails in its claims against Quiksilver, Quiksilver will receive distribution of the funds only pursuant to the terms of the judgment **and only after all other creditors in this class are paid**. (Emphasis added).

In its Reorganization Plan, Debtor intends to give Quiksilver, member of Class 8, different treatment as to the rest of the members of the same Class. According to the Reorganization Plan, Quiksilver will be paid its pre-petition debt only **after all the members of the same class are paid**.

Therefore, the Committee contends that such treatment is discriminatory and contrary to Section 1123(a)(4) of the Bankruptcy Code.

   c.  **Debtor is not entitled to the discharge because it is not an individual**.

The Summary of the Plan provides that Debtor will be entitled to a discharge. However, Section 727 (a)(1) of the Bankruptcy Code, 11 U.S.C. §727 (a)(1) expressly provides the following:

> The court shall grant the debtor a discharge, unless the debtor is not an individual.

A Chapter 7 discharge applies only to individuals and not to corporations or partnerships. In re Remington Rand Corp., 836 F.2d 825 (3rd Cir. 1988).

Consequently, under the Code, a corporation or partnership in a Chapter 7 case may be liquidated only, and never receives a

discharge. <u>National Labor Relations Board v. Better Building Supply Corp.</u>, 837 F. 2d 377 (9th Cir. 1988).

Therefore, the Debtor is not entitled to the discharge because is not an individual. In consequence, the Committee objects that Debtor's request for a discharge contained in the Summary of the Plan.

WHEREFORE, the Committee respectfully prays that this Honorable Bankruptcy Court orders Debtor to supply adequate information as herein required prior to to the approval of the Disclosure Statement.

**RESPECTFULLY SUBMITTED.**

In San Juan Puerto Rico, on November 30, 2009.

WE HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: **Carmen D. Conde Torres, condecarmen@microjuris.com; Eldia M. Díaz Olmo, diazolmo@villamil.net; Monsita Lecaroz Arribas, ustpregion21.hr.ecf@usdoj.gov; Ramón Torres Rodríguez, rtorreslaw@prtc.net, secrtlaw@prtc.net, Carmen Priscilla Figueroa-Bell; efigueroa@crimpr.net; Sonia Colón Colón, soniaecolon@gmail.com; Myra Mitzel Vélez Plumey, myra_velez@hotmail.com; Yasmin Rocio Vázquez Vázquez, quiebras@bppr.com; Antonio A. Arias Larcada, aaa@mcvpr.com;**

**Lawrence J. Hilton, lhilton@hewittoneil.com; Catherine M. Martin, cmartin@simon.com; Nayeli Diaz Febles, bankruptcyjusticia.gobiernopr@gmail.com; Alexis Fuentes Hernández, alex@fuentes-law.com; Fernando J. Valderrabano, fvalderrabano@mocpr.com; Patrick D. O'Neill, pdo@go-law.com; Luis C. Marini Biaggi, luis.marini@oneillborges.com, Jorge A Fernandez-Reboredo, jfernandez@rfrpsc.com; State Insurance Fund Corporation; alejandro.Suarez@cfse.gov.pr; Luisa S. Valle Castro, notices@condelaw.com**; and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: **Eric C. Cotton, Esq.** Developers Diversified Realty Corporation, 3300 Enterprise Parkway, P O Box 228042, Beachwood, OH 44122.

```
                                    By: s/Ramón Coto Ojeda
                                         Ramón Coto-Ojeda
                                         USDC-PR No. 202006
                                    s/Yaniré Batista Orama
                                         Yaniré Batista Orama
                                         USDC-PR No. 222510
                                    Attorneys for the Unsecured
                                         Creditors Committee
                                    Coto Malley & Tamargo, LLP
                                         MCS Plaza, Suite 227
                                     255 Ponce de León Avenue
                                    Hato Rey, Puerto Rico  00918
                                         P O Box 71449
                                    San Juan, P. R. 00936-8549
                                         Tel: (787) 756-9640
                                         Fax. (787) 756-9641
                                       e-mail rco@cmtplaw.com
                                       e-mail ybo@cmtplaw.com
```