# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>BORA BORA, INC.<br>aka PUERTO ESCONDIDO; aka BORA BORA; aka DROP OUT; aka THE METHOD<br><br>Debtor | CASE NO. 09-03693 (ESL)<br><br>CHAPTER 11 |

### INFORMATIVE MOTION TO THE COURT REGARDING QUIKSILVER'S USE OF A NON-DECISION FROM THIS COURT TO ATTACK DEBTOR'S PRESIDENT, OSCAR JUELLE

**TO THE HONORABLE COURT:**

COMES NOW, Bora Bora Inc. as Debtor and Debtor in Possession for the above-captioned case (hereinafter referred to as Debtor), and through the undersigned attorneys and STATES and PRAYS:

1. Presently pending before this Court is Debtor's motion to extend the automatic stay to its president, Oscar Juelle, regarding a suit brought by Quiksilver against Oscar Juelle to collect pre-petition debt owed by Debtor. (*See* Dkt. No. 33).

2. Debtor moved to extend the stay on June 10, 2009. Since Debtor initially moved to extend the stay, the Debtor and Quiksilver have fully briefed the issue.

3. Debtor additionally has provided several updates regarding its president's efforts to reorganize and the need to avoid a distraction for Debtor and its president. (*See* Dkt. No. 162 for summarizing the filings on this issue to date).

4. Now, Quiksilver is using the fact that this issue has been pending before this Court for six months as a weapon against Debtor's president in the case against Mr. Juelle pending in the Federal District Court for the Central District of California.

5. In its filings, Quiksilver contends that this Court "has declined to grant Bora Bora's motion." The sentence as worded is designed to give the impression that this Court has denied the motion rather than not adjudicate the motion. Further, Quiksilver contends that if "Judge Lamoutte felt it [this issue] was important to the Bankruptcy estate . . . he would have extended the automatic stay." (*See* Exhibit 1, Quiksilver's Opposition to Motion to Dismiss for Lack of Jurisdiciton, at p. 10). Whatever reason that has caused this Court to take some time to evaluate Debtor's motion, Debtor contends it is improper to argue that the reason is because this Court finds the issue "unimportant."

6. Debtor contends that Quiksilver's statement is deliberately contrived to give the impression to the District Court that this Court has denied Debtor's motion to extend the automatic stay. As such, Quiksilver's statement misrepresents the actions of this Court.

7. Secondly, Debtor contends that using a "non-decision" to harm Debtor only demonstrates the merits of Debtor's position. Debtor has maintained throughout that Quiksilver's suit against its President is substantively a suit against Oscar Juelle and that the advancement of the suit against Oscar Juelle distracts its president from the reorganization of Debtor.

8. Regardless, Debtor contends that Quiksilver's suggestion to another court that this Court finds Debtor's position without merit or spurious without a statement from this Court to be utterly dubious. Indeed, Debtor finds Quiksilver's characterization of the issue to be another example of this creditor's effort to undermine Debtor's reorganization. Debtor believes that its position on this matter has been strong and thoroughly supported by the facts and law.

9. Finally, this latest action by Quiksilver is just the latest in a series designed to thwart Debtor's reorganization. At the outset of this case Quiksilver without warning or cause elected to stop selling goods to Debtor even on a COD basis. Prior to Debtor's petition for

Bankruptcy, Quiksilver product accounted for as much as 50% of Debtor's sales.  Now, without Quiksilver, Debtor has struggled to cobble together alternate suppliers to maintain its operations.  The lack of Quiksilver products has magnified the scope of work necessary for Debtor to reorganize.  Recently, Debtor has had to delay receipt of a loan its president had procured for it due to the uncertainties involved in reorganizing Debtor without being able to sell Quiksilver products.  Further, the loss of income generated by the sale of Quiksilver goods, goods which Debtor promoted for over twenty years, has had a serious impact on Debtor's ability to enter a new lease with Plaza Las Americas.  Cumulatively, all of these acts have taken quite a toll on Debtor, and the latest act to mischaracterize a non-decision of this Court as an outright repudiation of Debtor's position in order to better pursue Debtor's president is a yet another difficulty that Debtor must overcome on limited resources.

WHEREFORE, Debtor respectfully requests that this Court be informed that Quiksilver is representing the fact that this Court has yet to decide the issue of the extension of the automatic stay to its president, Oscar Juelle, as an indication that this Court both disapproves of Debtor and that the non-decision is meant to be interpreted by all, including the Federal District Court for the Central District of California, as a substantive denial and repudiation of Debtor's position.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico this 16th Day of December 2009.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the U.S. Trustee, counsel for Quiksilver, counsel for the Creditors' Committee and to all other parties therein registered to receive Notice as listed below.

**C. CONDE & ASSOC.**
*S/ Carmen Conde Torres*

Carmen Conde Torres, Esq.
USDC 207312
254 San José Street, 5th Floor
Old San Juan, Puerto Rico  00901
Telephone:  787-729-2900
Facsimile:  787-729-2203
E-Mail:  *condecarmen@microjuris.com*

ANTONIO A ARIAS LARCADA     aaa@mcvpr.com, mb@mcvpr.com
YANIRE BATISTA ORAMA     ybo@cmtplaw.com
IVAN M CASTRO ORTIZ     icastro@alblegal.net
SONIA COLON COLON     soniaecolon@gmail.com
CARMEN D CONDE TORRES     notices@condelaw.com
RAMON COTO OJEDA     rco@cmtplaw.com, wmm@cmtplaw.com;ybo@cmtplaw.com
NAYELI DIAZ FEBLES     bankruptcyjusticia.gobierno.pr@gmail.com
ELDIA M DIAZ OLMO     diazolmo@villamil.net
JORGE A FERNANDEZ-REBOREDO     jfernandez@rfrpsc.com
CARMEN PRISCILLA FIGUEROA-BELL     cfigueroa@crimpr.net, adavila@crimpr.net
ALEXIS FUENTES HERNANDEZ     alex@fuentes-law.com, afuentes1@msn.com
LAWRENCE J HILTON     lhilton@hewittoneil.com, pgarnica@hewittoneil.com
MONSITA LECAROZ ARRIBAS     ustpregion21.hr.ecf@usdoj.gov
JOSE L LUGO MERCADO     jlugo@rfrpsc.com
LUIS C. MARINI BIAGGI     luis.marini@oneillborges.com, docket_clerk@oneillborges.com;rebeca.rodriguez@oneillborges.com
PATRICK D. O'NEILL     pdo@go-law.com
STATE INSURANCE FUND CORPORATION     Alejandro.Suarez@cfse.gov.pr
ALEJANDRO A SUAREZ CABRERA     Alejandro.Suarez@cfse.gov.pr, aasuarezcabrera@yahoo.com
RAMON TORRES RODRIGUEZ     rtorreslaw@prtc.net, secrtlaw@torresrodlaw.com
US TRUSTEE     ustpregion21.hr.ecf@usdoj.gov
FERNANDO J VALDERRABANO     fvalderrabano@mocpr.com
LUISA S VALLE CASTRO     notices@condelaw.com
YASMIN ROCIO VAZQUEZ VAZQUEZ     quiebras@bppr.com, yavazquez@bppr.com
MYRA MITZEL VELEZ PLUMEY     myra_velez@hotmail.com, myra.velez@gmail.com