# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| IN THE MATTER OF:<br><br>BORA BORA, INC.<br>aka PUERTO ESCONDIDO; aka BORA BORA; aka DROP OUT; aka THE METHOD<br><br>Debtor | CASE NO. 09-03693 (ESL)<br><br>CHAPTER 11 |
|---|---|

## DEBTOR'S REPLY TO QUIKSILVER'S AND THE CREDITORS' COMMITTEE'S OBJECTION TO THE DISCLOSURE STATEMENT

**TO THE HONORABLE COURT:**

COMES NOW, Bora Bora Inc. as Debtor and Debtor in Possession for the above-captioned case (hereinafter referred to as Debtor), and through the undersigned attorney and STATES and PRAYS:

*Preliminary Statement*

The Debtor will reply to the objections to the Disclosure Statement and Plan of Reorganization filed by Quiksilver and the Creditors' Committee in a single reply since both motions share common objections. In Summary, the objections address issues related to "disclosure," issues related to the "liquidation analysis" and issues related to "Section 1129." We will address below each objection in detail.

*Procedural Position*

1. Debtor submitted its Disclosure Statement and draft Plan of Reorganization on November 3, 2009. (Dkt. No. 173, 174).

2. Quiksilver submitted its Objection to the Disclosure Statement on November 24, 2009. (Dkt. No. 187).

3.     The Creditors' Committee submitted its Objection on November 30, 2009. (Dkt. No. 192).

*Applicable Law*

This Court has held that "when determining whether the information provided in a disclosure statement is adequate the court should evaluate the information in light of the particular circumstances of the case and the need for a quick solicitation and confirmation." *In re El Comandante Management, LLC*, 359 BR 410, 414 (Bankr.DPR 2006). *See also Cadle Co. II v. PC Liquidation Corp.*, 383 BR 856, 861 (E.D.N.Y., 2008)(*holding* that what constitutes "adequate information" in any particular situation is determined on a case by case basis."). The factors to determine the adequacy of information include the following: "the size and complexity of the Chapter 11 case, the type of plan proposed, the type of creditors and claims impaired by the proposed plan, and the access by impaired creditors to relevant information from other sources." *In re El Comandante*, 359 BR at 415. The two most important facts to determine adequacy was that the creditors knew *how much they would be paid* and *the source of the funds used to pay them*. *Id.* at 415.

Unlike the case in *El Comandante,* the instant case is rather straight forward. Debtor's business is the retail sale of goods. Debtor's income is generated by its operations–the retail sale of goods. This income shall be used to pay each class of creditors in the specific amounts delineated in Debtor's Disclosure Statement. Accordingly, the creditors know how much they are going to receive and from where.

The Debtor has also initiated an action against Quiksilver–its primary and former vendor. The Debtor attached a copy of its Complaint against Quiksilver. Debtor's Complaint lists its theories of the case, its specific causes of action, and its claim for damages. Debtor in its Disclosure

statement has stated that any and all proceeds generated from its suit against Quiksilver will be distributed to the creditors. Due to the uncertainties inherent in litigation, the Debtor cannot at this time specify what amounts, if any, each creditor in each class will receive due to the suit. Nevertheless, Debtor has alerted all interested parties about the suit, about the claims in the suit, and about the damages claimed by Debtor. Debtor contends that such information meets its responsibilities in a Disclosure Statement because such "information is adequate to enable a reasonable creditor to make an informed judgment about the plan . . . a disclosure statement is ***not*** to speculate as to future uncertainties such as the consequences of possible outcomes of pending litigation." *Cadle Co. II v. PC Liquidation Corporation,* 383 BR 856, 861 (E.D.N.Y. 2008)(emphasis added).

DEBTOR'S POSITION AS TO THE OBJECTIONS FILED

I. Issues related to "disclosure":

1. The Creditors' Committee alleges that the Disclosure Statement does not have adequate information with respect the assumption of the lease of Plaza Las Americas (Creditors' Committee Opposition, Dkt. No. 192, at p. 9).

    a. Disclosure Statement: Article IX: Leases and Executory Contracts and Exhibit 7, to the Disclosure Statement provides debtor's intend to assume the Lease of Plaza Las Americas. Current agreement expires on June 30th, 2010. Not being able to sell Quiksilver's merchandise has reduced debtor's income and its ability to maintain such a large space in Plaza Las Americas. Debtor is still in negotiations with Plaza Las Americas to seek a new long term arrangement but has assumed its unexpired lease with Plaza Las

Americas that runs until June 30, 2010. Nevertheless, the Debtor has considered different scenarios, including the alternative of a month to month lease until it is able to substitute in full this brand with other brands or ceasing operations at Plaza Las Americas. Even though this latest scenario is not the optimum scenario for the Debtor, if we consider the substantial reduction in expenses, this latest scenario still provides enough funds to finance Debtor's proposed plan. Attached you will find Scenario I (Funding with the operations at Plaza Las Americas ) and Scenario II ( funding without operations at Plaza Las Americas)(*See* Exhibits 1 and 2, attached hereto).

2. Allege no information regarding the relationships that the Debtor had to enter into due to duress.

   a. The Disclosure Statement, at page 7, makes a summary of Debtor's History. It reads in part:

   (1) *...Debtor's business model also requires changing inventory quickly to respond to new trends. The economic contraction consequently left Debtor with considerable inventory reserves that were both unsold and outdated. In a reduced market, Debtor had to acquire new goods and promote its goods in a way that attracted themselves to consumers despite the increased cost resulting from the sales tax. This situation forced Debtor to enter into contracts and arrangements with suppliers that were unfavorable or at times only **entered into under duress**, including the arrangement with Quiksilver, Debtor's*

*main pre-petition supplier."* We understand that the paragraph is self explanatory and needs no additional explanation and/or discussion.

II. Issues related to the Liquidation Analysis:

1. Contest the Liquidation Analysis' claim that the amount owed by Alex Juelle is uncollectible. They want to know the basis for alleging that the claim is uncollectible. Criticizes for pursuing claim only on a contingency fee basis.

    a. The debtor has analyzed the claim against Alexis Fernando Juelle Abello and Diana Umpierre and has concluded that attempting to collect this claim will require extensive discovery, time and expenses than what it may produce. The Debtor has reviewed Mr. Alexis Juelle's schedules and statement of financial affairs (Bankruptcy Case No. 08-07582 ESL) and has taken notice of the dispute between him and his ex-wife. In light of the above, Debtor has concluded that this litigation will not bring more funds to the estate than what the estate will expend. Upon this conclusion, the Debtor has notified the creditor's committee that it would be willing to litigate this matter together with the creditor's committee on a contingency basis. The creditor's committee declined. Regardless, the Debtor has considered in its Plan of Reorganization a payment consistent with this cause of action and accordingly its Plan of Reorganization is still providing more to creditors than they would receive from Debtor's liquidation even including proceeds from a claim against Alex Juelle and Diana Umpierre. Moreover, Debtor's

5

plan of reorganization does not diminish estate assets by pursuing a suit against Alex Juelle and Diana Umpierre that poses little chance of recovery. (*See* Liquidation Analysis, Dkt. No. 173, Exhibit 3).

2. Demand to know Debtor's estimated value of the suit against Quiksilver. The objection claims that this improperly reduces the liquidation analysis.

   a. Debtor in its disclosure statement has not only provided the value of each claim against Quiksilver but has included as Exhibit 6, full copy of the complaint. It is not clear what the creditor's committee means when it states that this "improperly reduces the liquidation analysis". We are guessing that what they want to say is that this amount should be included within the liquidation analysis. We disagree. As of this date the outcome of the pending litigation is not certain and to speculate with uncertain information will not be considered "adequate information". A disclosure statement is not required to speculate as to future uncertainties, such as the consequences of possible outcomes of pending litigation. Therefore, Debtor's disclosure, as is, contains adequate information as required by Section 1125(a). See In re Stanley Hotel, Inc., 101 B.R. 926, 935 9 Bank. D. Colo. (1981). Furthermore, the Payment Plan provides that any net amounts received from this litigation will be distributed among the creditors pursuant to the Plan.

III. Issues related to Section 1129:

Even though this objections are primarily confirmation issues, we will address the same in detail:

6

1. Quiksilver's claim is treated differently than the other creditors. They both allege discrimination against Quiksilver.

    a. Debtor disagrees. The Plan provides for Quiksilver to be included in General Unsecured Class 8. This class shall consist of general unsecured creditors with a claim of $5,001 or more. These parties are primarily suppliers listed by the Debtors and any other party who have filed a general unsecured proof of claim, including Quiksilver. This class will be paid 15% of their claim over the course of 72 months commencing one year from the effective date with funds generated from operations as per payment schedule. In the event the Debtor prevails in its claims against Quicksilver and receives proceeds from Quiksilver, it shall distribute the proceeds to the creditors in this class, after payment in full to the senior classes 1, 6 and 7. In the event the Debtor prevails in its claims against Quiksilver, Quiksilver will receive distribution of the funds only pursuant to the terms of the judgment and only after all other creditors in this class are paid. Debtor has a series of substantial claims against Quiksilver ranging from a violation of Puerto Rico law to a claim for equitable subordination. Given these claims and their possible substantial impact on Debtor's plan and on Quiksilver's claim itself, Debtor must notify the creditors and other interested parties that Quiksilver's claim may be substantially altered if Debtor prevails in its litigation against Quiksilver. Accordingly, any judgment against Quiksilver will likely condition, subordinate or even extinguish Quiksilver's claim. Debtor simply cannot

ignore the possible impact that its litigation with Quiksilver shall have on Quiksilver's claim.

Debtor's treatment to Quiksilver, is not only fair and equitable, but provides the alternative in the scenario the Debtor prevails on its claim. Therefore this objection should be denied.

2. The Proposed Plan violates the Absolute Priority Rule – by giving the existing shareholders a full interest in the plan.

   a. This objection provides no facts or law upon which the argument is based. What will the shareholder's retain? The shares of the corporation. What is the actual value of these shares? Cero. What will the value of the corporation be upon effective date? Cero. Is this amount more than what superior classes will receive? No. The argument is devoid of factual basis upon which the statement is made. It is obvious that Debtor's shares are valueless. ( See Debtor's Assets, Creditors, Payment Plan). Debtor's shareholder is putting all efforts and energies necessary to present a viable plan to repay the creditors more than what a liquidation value will provide. (*See* Debtor's Disclosure Statement, Dkt. No. 173, Exh. 3).

3. Allege that the $400,000 in post-petition financing is insufficient to support reorganization

   a. As of this date, the Debtor has not received any funds from the post petition financing and has managed to maintain itself competitive during the Christmas Season. Due to the status of the lease of Plaza Las Americas and

the uncertainty as to debtor's capacity to be able to comply with the monthly payments under the loan ($15,000) without the operations at Plaza, Debtor's president decided to be cautious and wait until the issue of the lease is resolved. Nevertheless, the debtor expects to maintain at least 80% of its projected sales during the Christmas Season. (*See* Exhibit 1 attached).

4. Debtor is not entitled to Discharge under the Code.

    a. The Disclosure Statement in its ARTICLE XVII provides the correct provisions for the discharge of a Debtor in a Chapter 11 procedure. The confirmation of the Plan of Reorganization is a new contract that will release the Debtor from any debt that arose before the Effective Date, *other than* that contained in Debtor's Plan of Reorganization and Payment Schedule. Therefore this objection should be denied.

5. The Plan "improperly" enjoins action against Oscar Juelle

    a. The Plan clearly provides that the actions "enjoined" are those on account of, or respecting any Claims, debts, rights, Causes of Action or liabilities discharged pursuant to the Plan <u>or under any specific order entered by the Bankruptcy Court.</u> The Debtor has filed a request to extend the automatic stay to its president Oscar Juelle. This matter is pending before the Honorable Court. This section of the Plan shall be amended to read*: Debtor's president protection, and the extend thereto, is pending the final resolution of Debtor's request to the Court. Once a final order is entered, its provisions will rule.*

9

----------

Finally, it is Debtor's position that under the standards of this Bankruptcy, Debtor's Disclosure Statement provides "adequate information" under the standards of the Bankruptcy Code. In any event, the additional information provided herein regarding debtor's Plan of Reorganization shall allow objecting creditors to clarify any of their doubts.

WHEREFORE, for the above stated reasons, the Debtor prays this Honorable Court to:

a. To schedule a hearing to consider the adequacy of the Disclosure Statement, as supplemented.

b. To deny the objections filed and/or consider those other objections clarified for purpose of 'adequate disclosure".

c. To approve the Disclosure Statement and to allow the debtor to procure the votes for the confirmation of the Plan of Reorganization.

Respectfully Submitted. In San Juan, Puerto Rico, this 16th day of December, 2009.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the parties appearing in said system including the US Trustee, counsel for Quiksilver, and counsel for the creditors' committee.

 **C. CONDE & ASSOC.**
Attorney for Debtor
San Jose Street #254, 5th Floor
San Juan, PR 00901-1253
Tel: (787) 729-2900
Fax: (787) 729-2203
*/s/ Carmen D. Conde Torres, Esq.*
Carmen D. Conde Torres

ANTONIO A ARIAS LARCADA    aaa@mcvpr.com, mb@mcvpr.com
YANIRE BATISTA ORAMA    ybo@cmtplaw.com
IVAN M CASTRO ORTIZ    icastro@alblegal.net
SONIA COLON COLON    soniaecolon@gmail.com
CARMEN D CONDE TORRES    notices@condelaw.com
RAMON COTO OJEDA    rco@cmtplaw.com, wmm@cmtplaw.com;ybo@cmtplaw.com
NAYELI DIAZ FEBLES    bankruptcyjusticia.gobierno.pr@gmail.com
ELDIA M DIAZ OLMO    diazolmo@villamil.net
JORGE A FERNANDEZ-REBOREDO    jfernandez@rfrpsc.com
CARMEN PRISCILLA FIGUEROA-BELL    cfigueroa@crimpr.net, adavila@crimpr.net
ALEXIS FUENTES HERNANDEZ    alex@fuentes-law.com, afuentes1@msn.com
LAWRENCE J HILTON    lhilton@hewittoneil.com, pgarnica@hewittoneil.com
MONSITA LECAROZ ARRIBAS    ustpregion21.hr.ecf@usdoj.gov
JOSE L LUGO MERCADO    jlugo@rfrpsc.com
LUIS C. MARINI BIAGGI    luis.marini@oneillborges.com, docket_clerk@oneillborges.com;rebeca.rodriguez@oneillborges.com
PATRICK D. O'NEILL    pdo@go-law.com
STATE INSURANCE FUND CORPORATION    Alejandro.Suarez@cfse.gov.pr
ALEJANDRO A SUAREZ CABRERA    Alejandro.Suarez@cfse.gov.pr, aasuarezcabrera@yahoo.com
RAMON TORRES RODRIGUEZ    rtorreslaw@prtc.net, secrtlaw@torresrodlaw.com
US TRUSTEE    ustpregion21.hr.ecf@usdoj.gov
FERNANDO J VALDERRABANO    fvalderrabano@mocpr.com
LUISA S VALLE CASTRO    notices@condelaw.com
YASMIN ROCIO VAZQUEZ VAZQUEZ    quiebras@bppr.com, yavazquez@bppr.com
MYRA MITZEL VELEZ PLUMEY    myra_velez@hotmail.com, myra.velez@gmail.com