IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>BORA BORA, INC.<br>aka PUERTO ESCONDIDO; aka BORA BORA; aka DROP OUT; aka THE METHOD<br><br>Debtor | CASE NO. 09-03693 (ESL)<br><br>CHAPTER 11 |

**DEBTOR'S REPLY TO QUIKSILVER'S RESPONSE TO DEBTOR'S MOTION TO SHOW CAUSE WHY QUIKSILVER'S COUNSEL SHOULD NOT BE ADMONISHED OR SANCTIONED FOR PRESENTING TESTIMONY IN PLAIN ERROR**

**TO THE HONORABLE COURT:**

COMES NOW, Bora Bora Inc. as Debtor and Debtor in Possession for the above-captioned case (hereinafter referred to as Debtor), and through the undersigned attorneys and STATES and PRAYS:

1. On March 8, 2010 the Debtor requested this Court to issue an Order for Quiksilver's counsel to show cause why he should not be sanctioned or admonished for submitting testimony that is plainly erroneous. (*See* Dkt. No. 275).

2. Quiksilver responded by stating that the false testimony was isolated, inadvertent and that he would have corrected the record had Debtor alerted counsel about the error. (*See* Dkt. No. 279).

3. Quiksilver's counsel's response is inaccurate on all accounts.

    **A.**    *Quiksilver's Counsel Chose Not to Correct the Record*

4. Quiksilver had ample notice to correct the record. Debtor first raised this issue in its reply to Quiksilver's objection. (Dkt. No. 264, p. 7). Quiksilver received notice of the motion.

5. The Debtor raised this issue again before this Court during the hearing of March 2, 2010.

(Official Minutes of the Court, Dkt. No. 267). At the request of this Court, the Debtor brought this issue as a separate matter. (*Id.*). Hilton's co-counsel for Quiksilver, Antonio Arias who also signed the original motion with the obviously incorrect information, attended the hearing.

6. If Quiksilver wanted to correct the record, it would have. Quiksilver chose not to.

   **B.     *Quiksilver's Inaccurate Testimony was Material***

7. More importantly, Quiksilver's response ignores the materiality of the false testimony.

8. Quiksilver contended that Debtor's Amended Disclosure Statement "falls woefully short" and that there was no basis to believe that Calacostas Corp. could "***truly*** fund" Debtor's post-petition financing. (Quiksilver's Objection, Dkt. No. 262).

9. Material to these arguments was Quiksilver's counsel's own sworn testimony that there was no record of Calacostas Corporation. Quiksilver's counsel said he knew that there was no record of Calacostas Corporation because he "searched the Puerto Rico Secretary of State Records" and found nothing. (Declaration of Lawrence Hilton, Dkt. No. 262).

10. Now, Quiksilver contends that the error was "minor." (Dkt. No. 279).

11. Quiksilver's counsel's statement was not "minor" when he made it. Quiksilver's counsel submitted the testimony to prove to the Court that there was something nefarious in Debtor's post-petition financing and that the failure to have a legitimate company offer it financing was only more proof of the "woeful" nature of Debtor's Disclosure Statement.

12. Quiksilver's statement was material and not "minor."

   **C. *Quiksilver's Counsel's Testimony was not Inadvertent***

13. Further, the testimony could not have been "inadvertent" as Quiksilver now maintains. To

search the record of the Puerto Rico Department of State, the only thing that needs to be done is to type the name of the corporation into the search box provided on the web page. For the convenience of the Court, Debtor provides the link to the Puerto Rico Department of State's web site: http://www.estado.gobierno.pr/CorpOnLine/CorpOnLine.aspx.

14. If Hilton had done as he said and simply typed "Calacostas" in the space on the Puerto Rico Department of State's website he would have found that Calacostas is indeed a bona fide corporation.

15. Hilton's position that he did not execute the search "properly" has to be viewed skeptically here.

16. In order for an attorney to submit evidence, it should be in accordance with his or her professional obligations. Here, Hilton either failed to type the word "calacostas" into the search box or did not conduct the search at all. Hilton's testimony is materially irresponsible and not "inadvertent."

### D. Quiksilver's Counsel's Inappropriate Action is NOT an Isolated Event

17. Quiksilver also errs when it asserts that its counsel has submitted testimony only on isolated occasions. Debtor cited three instances where Hilton submitted testimony on material matters in dispute. (*See* Debtor's Motion to Show Cause, Dkt. No. 275).

18. Debtor also cited examples of Quiksilver's inordinately personal and demeaning attacks against Debtor–attacks that are in contravention of both the Federal Rules of Procedure and professional decorum. (*See* Debtor's Motion to Show Cause, Dkt. No. 275, pp. 8-9).

19. Quiksilver's actions are not isolated, not minor, and almost certainly intentional.

20. Quiksilver's counsel submitted a declaration that contained patently incorrect information

that a reasonable attorney would have recognized as being inaccurate. Even if such an action were minor, and it was not in this case, the action would be a violation of the Rules of Professional Conduct. Quiksilver's counsel submitted this information to persuade the Court that Debtor's actions were untoward. Quiksilver's accusations are part of a pattern of insults and demeaning language against Debtor. Quiksilver's counsel's sworn declaration testifying to material matters in dispute is also part of a pattern.

21. Debtor therefore contends that Quiksilver's counsel's actions in this case warrant sanction. WHEREFORE, the Debtor respectfully renews its request that this Court to issue an Order demanding that Quiksilver's counsel show cause why he should not be sanctioned for or admonished for submitting testimony on material matters that is in plain error.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico this 17th Day of March 2010.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the U.S. Trustee, counsel for Quiksilver, counsel for the Creditors' Committee and to all other parties therein registered to receive Notice as listed below.

        **C. CONDE & ASSOC.**
        *S/ Carmen Conde Torres*
        Carmen Conde Torres, Esq.
        USDC 207312
        254 San José Street, 5th Floor
        Old San Juan, Puerto Rico 00901
        Telephone: 787-729-2900
        Facsimile: 787-729-2203
        E-Mail: *condecarmen@microjuris.com*

ANTONIO A ARIAS LARCADA    aaa@mcvpr.com, mb@mcvpr.com
YANIRE BATISTA ORAMA    ybo@cmtplaw.com
IVAN M CASTRO ORTIZ    icastro@alblegal.net
SONIA COLON COLON    soniaecolon@gmail.com
CARMEN D CONDE TORRES    notices@condelaw.com
RAMON COTO OJEDA    rco@cmtplaw.com, wmm@cmtplaw.com;ybo@cmtplaw.com
WALLY DE LA ROSA VIDAL    wdelarosa@cfse.gov.pr
NAYELI DIAZ FEBLES    bankruptcyjusticia.gobierno.pr@gmail.com
ELDIA M DIAZ OLMO    diazolmo@villamil.net
JORGE A FERNANDEZ-REBOREDO    jfernandez@rfrpsc.com, mail@rfrpsc.com
CARMEN PRISCILLA FIGUEROA-BELL    cfigueroa@crimpr.net, adavila@crimpr.net
ALEXIS FUENTES HERNANDEZ    alex@fuentes-law.com, afuentes1@msn.com
LAWRENCE J HILTON    lhilton@hewittoneil.com, pgarnica@hewittoneil.com
MONSITA LECAROZ ARRIBAS    ustpregion21.hr.ecf@usdoj.gov
JOSE L LUGO MERCADO    jlugo@rfrpsc.com
LUIS C. MARINI BIAGGI    luis.marini@oneillborges.com, docket_clerk@oneillborges.com;rebeca.rodriguez@oneillborges.com
PATRICK D. O'NEILL    pdo@go-law.com
STATE INSURANCE FUND CORPORATION    Alejandro.Suarez@cfse.gov.pr
ALEJANDRO A SUAREZ CABRERA    Alejandro.Suarez@cfse.gov.pr, aasuarezcabrera@yahoo.com
RAMON TORRES RODRIGUEZ    rtorreslaw@prtc.net, secrtlaw@torresrodlaw.com
US TRUSTEE    ustpregion21.hr.ecf@usdoj.gov
FERNANDO J VALDERRABANO    fvalderrabano@mocpr.com
LUISA S VALLE CASTRO    notices@condelaw.com
YASMIN ROCIO VAZQUEZ VAZQUEZ    quiebras@bppr.com, yavazquez@bppr.com
MYRA MITZEL VELEZ PLUMEY    myra_velez@hotmail.com, myra.velez@gmail.com