IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF: | Case No. 09-03693 (ESL) |
| BORA BORA, INC.<br>aka PUERTO ESCONDIDO; aka BORA BORA;<br>aka DROP OUT; aka THE METHOD | CHAPTER 11 |
| Debtor. | |

**QUIKSILVER, INC.'S OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED PLAN OF REORGANIZATION**

**TO THE HONORABLE COURT:**

COMES NOW, Quiksilver, Inc. (hereinafter, "Quiksilver"), through its undersigned counsel, hereby submits its Objection to Conformation of the Debtor's Proposed Plan of Reorganization Amended as of February 5, 2010.

## I. INTRODUCTION.

The Debtor's Proposed Plan of Reorganization Amended as of February 5, 2010 (the "Plan") cannot be confirmed. First, the Plan violates Sections 502 and 1126(a) of the Bankruptcy Code by depriving Quiksilver of the right to vote the full allowed amount of its claim. Second, the Plan is not feasible, as the Debtor lacks funds to pay even the amounts due at confirmation. Finally, the Plan cannot be confirmed under Section 1129(b) because it violates the absolute priority rules.

## II. OBJECTIONS TO CONFIRMATION OF THE PLAN.

### A. The Plan Violates 11 U.S.C. §§ 502 and 1126 By Depriving Quiksilver Of The Right To Vote The Full Amount Of Its Allowed Claim.

Section 1126(a) of the Bankruptcy Code provides that "[t]he holder of a claim or interest allowed under section 502 of this title may accept or reject a plan." 11 U.S.C. § 1126(a). Quiksilver filed a timely proof of claim on September 9, 2009 in the amount of $2,225,882.90. (Exhibit 1).[1] Pursuant to Section 502 of the Bankruptcy Code, a timely-filed proof of claim is deemed allowed unless an objection to the claim is filed. 11 U.S.C. § 502(a). It is undisputed that no objection has been filed to Quiksilver's proof of claim, yet in the solicitation materials distributed by the Debtor, the Debtor has unilaterally reduced the allowed amount of Quiksilver's claim for voting purposes by $68,830.

The Debtor's attempt to circumvent sections 502 and 1126 of the Bankruptcy Code by unilaterally reducing Quiksilver's claim amount makes the Plan unconfirmable. In the alternative, the Debtor must be required to either certify in a pleading filed with the Court that Quiksilver's claim will be allowed in full for voting purposes, or provide a revised ballot reflecting the correct claim amount.

### B. The Plan Cannot Be Confirmed Because The Debtor Has Not Met Its Burden Of Demonstrating Feasibility.

Section 1129(a)(11) requires a finding that confirmation of the plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor.

---

[1] Quiksilver requests that the Court take judicial notice of the pleadings and papers on file in this case. Fed. R. Evid. 201.

> While a reorganization plan's "[s]uccess need not be guaranteed," the bankruptcy court cannot approve a plan unless it has at least a reasonable prospect for success. . . . The debtor[] bears the burden of establishing the feasibility of [it plan] by a preponderance of the evidence.

*In re Danny Thomas Properties II Ltd. Partnership*, 241 F.3d 959, 963 (8th Cir. 2001) (quoting *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985) (internal citations omitted). One of the mandatory requirements needed to demonstrate feasibility is the debtor's ability to pay administrative claims in full at confirmation. 11 U.S.C. §1129(a)(9)(A). The inability to meet this requirement makes the plan unconfirmable. *See In re Griswold Bldg.*, LLC, 420 B.R. 666, 710-11 (Bankr. E.D. Mich. 2009) (plan not feasible when debtor lacked sufficient funds to pay administrative claims at confirmation).

Here, the Debtor's latest Operating Report shows a cash balance of $2,995 as of March 31, 2010. It appears that the unpaid allowed administrative expenses of counsel for the Committee of Unsecured Creditors—alone—is about seven times the amount of case reflected in the Operating Report.

> A creditor who seeks to reorganize a Chapter 11 debtor must do more than demonstrate sincerity, honesty and willingness to show that its proposed plan is feasible. Where the evidence of record casts substantial doubt on the possibility of reorganization, the party proposing the reorganization "must, at a minimum, provide some kind of map which charts a path through Chapter 11 to a successful reorganization."

*American Network Leasing v. Apex Pharms. (In re Apex Pharms.)*, 203 B.R. 432, 444 (N.D. Ind. 1996) (quoting *American State Bank v. Grand Sports, Inc. (In re Grand Sports, Inc.)*, 86 Bankr. 971, 974 (Bankr. N.D. Ind. 1988) (internal citations omitted).

Given the substantial doubt cast by the Debtor's minimal cash reserves, the

Debtor must be required to provide evidence that demonstrates a path to a likely successful reorganization before the Plan can be confirmed.

  **C.**  **The Plan Violates The Absolute Priority Rule By Allowing Existing Shareholders To Retain Equity Interests Without Paying Senior Classes In Full.**

In the event there is a dissenting class, the Plan cannot be confirmed under the cramdown provisions of Section 1129(b). As noted by the Supreme Court in *Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. Lasalle St. P'ship*, 526 U.S. 434, 441-442 (U.S. 1999):

> There are two conditions for a cramdown. First, all requirements of § 1129(a) must be met (save for the plan's acceptance by each impaired class of claims or interests, see § 1129(a)(8)). . . . Second, the objection of an impaired creditor class may be overridden only if "the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." § 1129(b)(1). As to a dissenting class of impaired unsecured creditors, such a plan may be found to be "fair and equitable" only if the allowed value of the claim is to be paid in full, § 1129(b)(2)(B)(i), or, in the alternative, if "the holder of any claim or interest that is junior to the claims of such [impaired unsecured] class will not receive or retain under the plan on account of such junior claim or interest any property," § 1129(b)(2)(B)(ii). That latter condition is the core of what is known as the "absolute priority rule."

*Id.* See 11 U.S.C. § 1129(b)(2)(B)(ii) ("The holder of any claim or interest that is junior to the claims of such [impaired unsecured] class [may] not receive or retain under the plan on account of such junior claim or interest any property.").

In this case the Plan violates the absolute priority rule because it purports to allow existing shareholders to retain their equity interests while paying unsecured creditors only 15% of the allowed amounts of their claims (over seven years).

Moreover, even if the Court were to recognize the so-called "new value" exception to the absolute priority rule applied by some courts, it would not apply here.

> In order for the new value exception to apply, the contribution made by the equity holder must be: 1) in "money or money's worth"; 2) "reasonably equivalent" in value to the continued participation of the stockholders; 3) "necessary" to the reorganization; 4) a "fresh" contribution to the reorganization.

*In re Sovereign Group 1985-27, Ltd.*, 142 B.R. 702, 708 (E.D. Pa. 1992). It is undisputed that in this Chapter 11 case the Debtor's shareholders have not contributed any new value to the Debtor; thus, there has been no contribution in "money or money's worth" and if the value of the reorganized debtor is greater than zero, the contribution of nothing will not be "reasonably equivalent" to the non-existent contribution.

**WHEREFORE**, Quiksilver, Inc. respectfully requests that this Honorable Bankruptcy Court should not confirm the Debtor's proposed Plan of Reorganization.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties in the system.

DATED: May 17, 2010	O'NEIL LLP
	LAWRENCE J. HILTON

	MCCONNELL VALDÉS LLC
	ANTONIO A. ARIAS-LARCADA


	By: *S/ ANTONIO A. ARIAS-LARCADA*

	ANTONIO A. ARIAS-LARCADA
	McConnell Valdés LLC
	270 Muñoz Rivera Ave.
	San Juan, Puerto Rico 00918
	Direct Dial: (787) 250-5604
	Fax: (787)759-2771
	aaa@mcvpr.com

	Attorneys for QUIKSILVER, INC.