# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>BORA BORA, INC.<br>aka PUERTO ESCONDIDO; aka BORA BORA; aka DROP OUT; aka THE METHOD<br><br>Debtor | CASE NO. 09-03693 (ESL)<br><br>CHAPTER 11 |

**JOINT MOTION REQUESTING THAT THE HEARING TO CONFIRM DEBTOR'S PLAN OF REORGANIZATION SCHEDULED FOR JUNE 7, 2010 BE CONTINUED FOR 60 DAYS AND ALL NECESSARY MATERIALS TO BE PRESENTED FOR THE HEARING BE SIMILARLY CONTINUED**

**TO THE HONORABLE COURT:**

COMES NOW, Bora Bora Inc. as Debtor and Debtor in Possession for the above-captioned case (hereinafter referred to as Debtor), and Banco Popular de Puerto Rico ("Banco Popular"), as owner, as of April 30, 2010, of the credit relationships between the Debtor and Westernbank Puerto Rico, each through its undersigned attorneys and STATE and PRAY:

1. This Court on March 3, 2010 approved Debtor's Disclosure Statement and ordered a hearing to consider the confirmation of Debtor's plan for June 7, 2010. (*See* Dkt. No. 268).

2. Debtor's largest unsecured creditor is Banco Popular (through Westernbank) with a claim of approximately $3.14 million (*See* Claim No. 31).

3. On April 30, 2010, Westernbank was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico, which appointed the Federal Deposit Insurance Corporation (FDIC) as receiver.

4. Furthermore, the FDIC entered into a purchase and assumption agreement with Banco Popular de Puerto Rico (the "Purchase and Assumption Agreement") to assume all of the deposits of Westernbank. In addition to assuming all of the deposits, Banco Popular de Puerto Rico agreed to purchase approximately $9.39 billion of Westernbank's assets.

5. Among the credit facilities purchased by Banco Popular pursuant to the Purchase and Assumption Agreement are those related to the Debtor, its affiliates, and principals.

6. The Debtor and BPPR have been in frequent communication about BPPR's need to evaluate the Plan. The Debtor agrees with BPPR's request that, in light of the scale of recent events, that it needs additional time to make a decision on whether to vote in favor or against the Plan of Reorganization.

7. Further, BPPR, the Debtor, and Calacostas Corp. have been in discussion regarding post-petition financing for the Debtor that was previously approved by this Court. (*See* Order of November 10, 2009, Dkt. No. 180 *approving* the post-petition financing).

8. Despite this communication, due to the complexity of the issues involved, the Debtor and BPPR jointly request this Court to continue the confirmation hearing scheduled for June 7, 2010 for a maximum of 60 days.

9. The additional time will enable BPPR to evaluate the post-petition financing, make a determination as to the same, and vote on Debtor's Plan of Reorganization in a fully informed manner.

10. The Debtor and BPPR contend that allowing this extension of time will enable the parties to provide the Court with all the necessary information it needs to determine whether to confirm Debtor's Plan of Reorganization.

11. Aside from this request for a continuance, the Debtor does wish to inform the Court

regarding the status of Debtor's reorganization proceedings to date.

    A.    The Debtor is attaching to this Motion an exhibit tallying the ballots that Debtor has received to date. (*See* Exhibit 1).

    B.    The Debtor has reached an agreement with Plaza Las Americas to continue to rent retail space in Plaza Las Americas *subject* to confirmation of Debtor's plan.

12. The Debtor and BPPR contend that the importance of allowing Debtor's largest creditor to evaluate the Plan of Reorganization in full and allowing the parties to evaluate the post-petition financing opportunities in full warrants the extension of time and outweighs any inconvenience the delay might cause.

13. Both the Debtor and BPPR make this request for a continuance of the hearing in good faith and because of factors unforeseen at the time that this Court scheduled the date for the hearing.

14. Should this request be granted, Debtor understands and has consented that BPPR preserves its right to accept or reject Debtor's Plan of Reorganization until the date of the re-scheduled hearing to confirm the Plan.

WHEREFORE, the Debtor and BPPR jointly request that this Court continue the hearing on whether to confirm Debtor's Plan of Reorganization for a period of sixty (60) days to allow BPPR to fully evaluate the issues discussed above and continue the date to present all necessary materials regarding the hearing, including Debtor's Compliance with § 1129, for sixty (60) days as well.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico this 28th Day of May 2010.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the U.S. Trustee, counsel for the Creditors' Committee and to all other parties therein registered to receive Notice as listed below.

        **C. CONDE & ASSOC.**
        *S/ Carmen Conde Torres*
        Carmen Conde Torres, Esq.
        USDC 207312
        254 San José Street, 5th Floor
        Old San Juan, Puerto Rico 00901
        Telephone: 787-729-2900
        Facsimile: 787-729-2203
        E-Mail: *condecarmen@microjuris.com*

        O'NEILL & BORGES
        Attorneys for Banco Popular de Puerto Rico
        American International Plaza 250 Muñoz Rivera Avenue, Suite 800
        San Juan, Puerto Ricon 00918-1813
        Tel: (787) 764-8181 Fax: (787) 753-8944
        /s/Luis C. Marini
        Luis C. Marini USDC No. 222301
        Luis.Marini@oneillborges.com

### NOTICE TO CREDITORS AND PARTIES IN INTEREST

    Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

The following received service via the CM/ECF system:

ANTONIO A ARIAS LARCADA    aaa@mcvpr.com, mb@mcvpr.com
YANIRE BATISTA ORAMA    ybo@cmtplaw.com
IVAN M CASTRO ORTIZ    icastro@alblegal.net
SONIA COLON COLON    soniaecolon@gmail.com
CARMEN D CONDE TORRES    notices@condelaw.com

RAMON COTO OJEDA     rco@cmtplaw.com, wmm@cmtplaw.com;ybo@cmtplaw.com
WALLY DE LA ROSA VIDAL     wdelarosa@cfse.gov.pr
NAYELI DIAZ FEBLES     bankruptcyjusticia.gobierno.pr@gmail.com
ELDIA M DIAZ OLMO     diazolmo@villamil.net
JORGE A FERNANDEZ-REBOREDO     jfernandez@rfrpsc.com, mail@rfrpsc.com
CARMEN PRISCILLA FIGUEROA-BELL     cfigueroa@crimpr.net, adavila@crimpr.net
ALEXIS FUENTES HERNANDEZ     alex@fuentes-law.com, afuentes1@msn.com
LAWRENCE J HILTON     lhilton@hewittoneil.com, pgarnica@hewittoneil.com
MONSITA LECAROZ ARRIBAS     ustpregion21.hr.ecf@usdoj.gov
JOSE L LUGO MERCADO     jlugo@rfrpsc.com
LUIS C. MARINI BIAGGI     luis.marini@oneillborges.com, docket_clerk@oneillborges.com;rebeca.rodriguez@oneillborges.com
PATRICK D. O'NEILL     pdo@go-law.com
STATE INSURANCE FUND CORPORATION     Alejandro.Suarez@cfse.gov.pr
ALEJANDRO A SUAREZ CABRERA     Alejandro.Suarez@cfse.gov.pr, aasuarezcabrera@yahoo.com
RAMON TORRES RODRIGUEZ     rtorres@torresrodlaw.com, secrtlaw@torresrodlaw.com
US TRUSTEE     ustpregion21.hr.ecf@usdoj.gov
FERNANDO J VALDERRABANO     fvalderrabano@mocpr.com
LUISA S VALLE CASTRO     notices@condelaw.com
YASMIN ROCIO VAZQUEZ VAZQUEZ     quiebras@bppr.com, yavazquez@bppr.com
MYRA MITZEL VELEZ PLUMEY     myra_velez@hotmail.com, myra.velez@gmail.com